U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 1 3 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LUTHER BEN LONG,                  §
                                 §
            Petitioner,          §
                                 §
v.                               §        No. 4:13-CV-025-A
                                 §
WILLIAM STEPHENS, Director,       §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                 §
            Respondent.          §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Luther Ben Long, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### A. FACTUAL AND PROCEDURAL HISTORY

In 2007 petitioner was convicted of two game room robberies in Tarrant County, Texas, and, following retrial of the punishment phase, was sentenced to 20 years' and 25 years'

confinement in Case Nos. 1040300 and 1040360D.   (02SHR at 128[1];

Pet. at 2; RR, vol. 5, at 40 & vol. 8, at 26-27; Clk's R. at 67[2])

Petitioner appealed his convictions, but the Second District

Court of Appeals of Texas affirmed the trial court's judgments,

and the Texas Court of Criminal Appeals refused his petitions for

discretionary review.   (02SHR at 128-43) *Long v. State*, PDR Nos.

809-09 & 810-09.   Petitioner also filed two state habeas

applications relevant to this federal petition: one was denied by

the Texas Court of Criminal Appeals without written order on the

findings of the trial court, and the other was denied without

written order.   (02SHR at cover, 2; 04SHR at cover, 2[3])

The state appellate court summarized the facts of the case

as follows:

> On September 30, 2006, appellant walked into the
> All New Game Room in Arlington, Texas, hog-tied an
> employee, and stole all the money from the cash box.
> On October 9, he used a black .357 revolver to take
> $1,100 in small bills from the Mom's Triple 7 Game

---

[1]"02SHR" refers to the state court record in petitioner's
state habeas application no. WR-77,715-02; "04SHR" refers to the
state court record in petitioner's state habeas application no.
WR-77,715-04.

[2]"Clk's R." refers to the state court clerk's record in
Trial Court Cause No. 1040360D.

[3]Petitioner referenced only Case No. 1040300D in both state
applications.

Room, also in Arlington.

(02SHR at 128-29)

## B.   ISSUES

In four grounds, petitioner raises the following claims:

(1)   The evidence "suggesting" a firearm in the aggravated robbery case was legally insufficient to establish it as a deadly weapon;

(2)   He was denied effective assistance of trial counsel;

(3)   The state failed to disclose favorable material evidence in violation of *Brady*; and

(4)   He was denied effective assistance of counsel on appeal.

(Pet. at 7-8)

## C.   RULE 5 STATEMENT

Respondent believes petitioner has sufficiently exhausted his state court remedies as to the claims presented and that the petition is neither barred by limitations nor successive. (Resp't Ans. at 4)   The court however finds one or more of petitioner's grounds unexhausted and procedurally barred, *see infra*.

## D.   DISCUSSION

### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf

3

of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a

factual issue made by a state court shall be presumed to be correct.  The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits. *Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

In this case, the state habeas court entered express findings of fact as to one or more of petitioner's claims, which he has failed to rebut with clear and convincing evidence, and the Texas Court of Criminal Appeals adopted those findings and denied habeas relief without written order.  Under these circumstances, a federal court must defer to the state habeas court's factual findings and may assume the Texas Court of Criminal Appeals applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied.  *Townsend v. Sain,* 372 U.S. 293, 314 (1963)[4]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v.*

---

[4]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d).  *Harris v. Oliver*, 645 F.3d 327, 330 n.2 (5th Cir. 1981).

*Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997).

### (1) Sufficiency of the Evidence

Under his first ground, petitioner claims the evidence "suggesting" a firearm in the aggravated robbery was legally insufficient to establish it as a deadly weapon. (Pet. at 7; Pet'r Mem. at 1-8)

A criminal defendant has a federal due process right to be convicted only upon evidence that is sufficient to prove beyond a reasonable doubt the existence of every element of the offense. *Foy v. Donnelly,* 959 F.2d 1307, 1313 (5th Cir. 1992). Federal courts have extremely limited habeas review of claims based on the sufficiency of the evidence. The standard for reviewing such claims is supplied by *Jackson v. Virginia,* 443 U.S. 307 (1979). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 319.

Under *Jackson,* the assessment of the credibility of witnesses is generally beyond the scope of review. *Schlup v. Delo,* 513 U.S. 298, 330 (1995). Determining the weight and

6

credibility of the evidence is within the sole province of the jury. *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view any required credibility determinations in the light most favorable to the guilty verdict. *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not second-guess the weight or credibility given the evidence. *United States v. Ramos-Garcia*, 184 F.3d 463, 465 (5th Cir. 1999). Moreover, where a state appellate court has conducted a thoughtful review of the evidence, its determination is entitled to great deference. *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993).

Relying solely on state statutory and case law, the state appellate court addressed the claim as follows:

> In his first point, appellant claims that the evidence is legally insufficient to prove that he used a deadly weapon during the aggravated robbery at Mom's Triple 7.

> The use of a "deadly weapon" is an essential element of aggravated robbery as it was charged in appellant's indictment. A firearm is a deadly weapon per se. Testimony using any of the terms "gun," "pistol," or "revolver" is sufficient to authorize a jury to find that a deadly weapon was used.

> Here, the evidence showed that Joseph Sanchez reported to police that appellant had used a .357 held down by his side to conduct a robbery at Mom's Triple 7. Officers searched appellant's home, and although

they did not recover a weapon, they found .38 long
revolver ammunition and a holster, both of which would
fit a .357 revolver.  Arlington Police Detective Kyle
Dishko testified that a .357 is a firearm, a handgun, a
revolver, and a deadly weapon.  Joseph testified that
appellant used a "gun" to rob him, and at various times
during trial he referred to the gun as a "revolver,"
"black revolver," "large black handgun," and a "large
black pistol."  We hold this evidence is legally
sufficient to show that appellant used a deadly weapon
and overrule appellant's first point.

(02SHR at 129-30) (footnotes and citations omitted)

The state court's decision is not contrary to *Jackson*.

Clearly, the jury believed the testimony of Joseph Sanchez that

petitioner displayed a gun during the robbery of Mom's Triple 7.

Inconsistencies in the officers' testimony relevant to the matter

do not establish the use of perjured testimony but merely

establish a credibility question for the jury.  *Loftis v.*

*Collins*, 3 F.3d 437, 1993 WL 347000, at *2 (5th Cir. Aug. 12,

1993); *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).  Such

inconsistencies are not "conclusive proof" that one version of

events must be credited over another, and do not overcome our

deferential standard of review of credibility determinations.

*United States v. Valentine*, 401 F.3d 609, 614 (5th Cir. 2005).

### *(2) and (4)   Ineffective Assistance of Counsel*

Under his second and fourth grounds, petitioner claims he

received ineffective assistance of trial and appellate counsel.

Petitioner was represented by Robert Ford at trial, Roderick White on retrial of the sentencing phase, and Leigh Davis on appeal.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right.  U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967).  An ineffective assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*.  466 U.S. at 668.  *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel).  To establish ineffective assistance of counsel an applicant must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 688.

A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy.  *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly

deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where, as here, a applicant's ineffective assistance claims have been reviewed on their merits and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of the standard set forth in *Strickland*. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th Cir. 2001).

### *Trial Counsel*

Petitioner claims Ford was ineffective by (1) failing to adequately investigate and present mitigating evidence of his long-term drug addiction, (2) failing to impeach Detective Dishko with perjured testimony, (3) failing to present a "defense on best evidence" by calling his mother to testify that the gun holster and ammunition were packed in a box in the spare bedroom, the gun was not in petitioner's possession, and his father possessed a gun that was pawned prior to the offenses, and (4) by representing him under an actual conflict of interest. (Pet. at 7; Pet'r Mem. at 9-24)

Ford, responded to petitioner's allegations *via* affidavit, in relevant part, as follows:

There was not a viable statutory defense to present at trial. Mr. Long never offered any legitimate defense to me, based on verifiable facts, to present to the jury.

. . .

Joe Sanchez, a victim in one of the cases, testified that . . . Mr. Long was holding a handgun at the time of the offense.

Douglas Morrow (victim) and Joe Sanchez (victim) both identified Mr. Long, in court, as the person who . . . committed the offenses.

Mr. Long provides no competent evidence to support his position that perjured testimony was used in obtaining his convictions. Mr. Long provides no competent evidence that the police officers involved in the investigation of the offenses fabricated testimony or reports. To the contrary, Mr. Long identified himself on the video pictures obtained from the game room.

. . .

Mr. Long is not a credible person. His allegations are baseless. Mr. Long has failed to present any competent evidence to back up any of his claims. The record in this case demonstrates that I litigated all issues vigorously and obtained rulings on those issues. In addition, the record reflects that I preserved issues for appeal.

. . .

(02SHR at 66-67) (record citations omitted)

Based on counsel's affidavit and supporting documentary evidence, the state habeas court, entered the following relevant findings of fact:

5.   Hon. Ford spent over forty-one hours preparing for
     this and the companion case.

6.   Hon. Ford was appointed an investigator who
     conducted nine hours of investigation in this
     case.

7.   Applicant presents no evidence as what counsel
     would have discovered had he conducted additional
     investigation into this case.

8.   There is no evidence that Hon. Ford failed to
     adequately prepare for trial.

     . . .

14.  Applicant identified himself on the video pictures
     obtained from the game room.

15.  Applicant presents no evidence that a viable
     defense existed in this case.

16.  Hon. Ford could not find a viable statutory
     defense.

17.  Applicant never advised Hon. Ford of any
     legitimate defense.

18.  Hon. Ford's affidavit is credible and supported by
     the record.

19.  There is no evidence to support Applicant's claim
     that he received ineffective assistance of
     counsel.

(02SHR at 101-02) (record citations omitted)

    Based on its findings, and applying the *Strickland* standard,

the court entered the following relevant legal conclusions and

recommended denial of habeas relief:

7.   Applicant has failed to prove that counsel did not
     have a firm command of the facts.

          . . .

9.   Applicant has failed to prove that counsel did not
     adequately prepare for trial.

          . . .

12.  Applicant has failed to prove that counsel did not
     properly object to the introduction of
     inadmissible and perjured testimony.

13.  Applicant has failed to prove that counsel failed
     to properly present a viable, cogent, and adequate
     defense.

14.  Applicant has failed to prove that his attorney's
     representation fell below an objective standard of
     reasonableness.

15.  A party fails to carry his burden to prove
     ineffective assistance of counsel where the
     probability of a different result absent the
     alleged deficient conduct sufficient to undermine
     confidence in the outcome is not established.

16.  Applicant has failed to show that there is a
     reasonable probability that the result of the
     trial proceedings would have been different had
     counsel investigated the case more.

17.  Applicant has failed to show that there is a
     reasonable probability that the result of the
     trial proceedings would have been different had
     counsel researched the case more.

          . . .

19.  Applicant has failed to show that there is a
     reasonable probability that the result of the
     trial proceedings would have been different had

13

counsel presented a different defense.

20. Applicant has failed to show that there is a reasonable probability that he would not have been found guilty at trial had counsel done anything differently.

21. Applicant has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the trial proceedings would have been different.

22. Applicant received effective assistance of counsel.

(02SHR at 105-06) (citations omitted)

Petitioner has presented no argument or evidence in this federal habeas action that could lead the court to conclude that the state courts unreasonably applied the standards set forth in *Strickland* based on the evidence presented in state court. 28 U.S.C. § 2254(d). Applicant's claims are largely conclusory or speculative with no legal or evidentiary basis, contradicted by the record,[5] or involve strategic decisions by counsel, which are either insufficient to raise a constitutional issue and/or outside this court's preview on federal habeas review. *See Strickland*, 460 U.S. at 689 (holding strategic decisions by counsel are virtually unchallengeable and generally do not

_____

[5]Evidence of petitioner's long-term drug addiction was presented by Roderick White during retrial of the punishment phase. (RR, vol. 7, at 101-11)

14

provide a basis for post-conviction relief on the grounds of ineffective assistance of counsel); *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (providing "[c]laims of uncalled witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain"); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) (holding conclusory arguments are insufficient to support claim of ineffective assistance); *Koch*, 907 F.2d at 530 (concluding that "counsel is not required to make futile motions or objections).

Overall, Ford devised a defense, filed pretrial motions and participated in a pretrial hearing, conducted voir dire, made meritorious objections and motions during trial, cross-examined state witnesses, and gave closing argument. A petitioner is required to demonstrate that counsel's performance, in light of the entire proceeding, was so inadequate as to render his trial unfair. *Washington v. Watkins*, 655 F.2d 1346, 1355 (5th Cir. 1981). Having reviewed the entirety of the record, counsel's performance was not outside the wide range of professionally competent assistance. Moreover, even if petitioner could demonstrate deficient performance, given the overwhelming

15

evidence of his guilt, it is unlikely that, but for counsel's acts or omissions, he would have been acquitted of the charges. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). Although petitioner and counsel disagreed about counsel's approach to the defense, the Sixth Amendment provides no right to counsel blindly following a defendant's instructions. *McQueen v. Blackburn*, 755 F.2d 1174, 1178 (5th Cir. 1985).

### Appellate Counsel

Petitioner claims appellate counsel, Leigh Davis, was ineffective by failing to raise an issue on appeal attacking the admissibility of the three photographic lineups shown to the three victims. (Pet. at 8; Pet'r Mem. at 27-28) Specifically, petitioner complains that in the photographic line-ups, his complexion is darker and/or his "skin tone" or the lighting is darker, which he asserts was impermissibly suggestive. (RR, vol. 3, at 36-38, 42, 58 & vol. 9, Def't Exs. 1-3) Following a hearing, the trial court found that the photographic line-ups were not impermissibly suggestive and were admissible. (RR, vol. 3, at 62)

Petitioner raised this issue in his amended state habeas applications, but the issue was not specifically addressed by the state court. (02SHR at 41-42) Nevertheless, "[t]he Due Process

16

Clause protects against the use of evidence obtained from impermissibly suggestive identification procedures." *United States v. Guidry*, 406 F.3d 314, 319 (5th Cir. 2005). However, a conviction will be set aside only "if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification." *Simmons v. United States,* 390 U.S. 377, 384 (1968). Thus, a two-step process governs the admissibility of identification evidence: First, a court must determine whether the pretrial identification was impermissibly suggestive. *Neil v. Biggers,* 409 U.S. 188, 198 (1972). If it was, then second, a court must determine whether, "under the totality of the circumstances, the suggestiveness leads to a substantial likelihood of irreparable misidentification." *Id.*

A review of the copies of the six photographs from the line-ups in this case supports Detective Dishko's testimony that all six men were white males, approximately 40 to 50 years of age, with the same or similar description and characteristics, including some sort of facial hair and some form of receding hairline and baldness. (RR, vol. 3, at 15-27, 42, 44-45 & vol. 9, Defendant's Exs. 1-3) The detective's testimony also reflects that the photographic line-ups were shown to the victims within

17

days of the offenses and that while conducting the photographic line-ups all six photographs were presented to the victims individually without any suggestion that petitioner was the suspect.  Additionally, all three victims identified petitioner as the person who robbed them-Morrow indicated he was 95 percent sure and Francisco Sanchez indicated he was 100 percent sure. (RR, vol. 3, at 19, 23)

Petitioner has not established that either the photographic line-up or the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification.  *Simmons*, 390 U.S. at 384; *Livingston v. Johnson*, 107 F.3d 297, 309 (5th Cir. 1997).  The trial court's determination, that there was no basis for suppression of the photographic lineups in which defendant was identified was not contrary to Supreme Court precedent on the issue.  Because petitioner could not have prevailed on the issue on appeal, it follows that appellate counsel was not ineffective for failing to raise the claim.  *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994).

### (3)  *Brady Violation*

Lastly, petitioner claims the state withheld material, exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S.

18

83 (1963).   According to petitioner, his mother gave a Cash America Pawn Ticket to Detective Dishko proving that his father once owned a weapon and that the weapon was pawned prior to the alleged robberies.[6]   (Pet. at 7; Pet'r Mem. at 25-26)   He urges this evidence "would have placed the state's best evidence-the gun holster and ammunition-in a different light."   (Pet'r Mem. at 26)   In support of his claim, petitioner produced the affidavit of his mother stating-

> After the arrest of my son, a Detective Kyle Dishko presented me with a consent to search form for my house and told me that if I didn't sign the form, I would end up in jail with my son.
>
> I gave Detective Dishko a pawn ticket from Cash America Pawn located on South Cooper Street, under the name of Crystal Delisle.   This pawn ticket was for a handgun that had belonged to my late husband Joeseph [sic] M. McElvain.
>
> During the search of my house, Detective Dishko discovered a box in the spare bedroom that contained a gun holster and ammunition.   These belonged to my late husband who owned a firearm all of his adult life.
>
> Upon discovering the box, which contained the gun holster and ammunition, Detective Dishko moved the box into the room where my son was living.
>
> I then witnessed Detective Dishko place the gun holster in the hallway and take a picture of it.   At

---

[6]Petitioner was 50 years of age at the time of trial, and his father died when he was 12 years old.   (RR, vol. 7, at 106, 109)

> this I immediately told him to "leave my house and
> never return."
>
> During my son's trial, his attorney, Robert Ford
> called me and ask[ed] if I could bring up another
> change of clothing.  During my conversation with Mr.
> Ford, he asked me about the gun and I told him that the
> gun was at Cash America Pawn on Cooper Street and that
> I had given the pawn ticket to Detective Kyle Dishko.
> Mr. Ford told me he would have the sheriff pick me up
> and bring me to the courthouse to testify.  No one
> showed up to pick me up for trial.

(02SHR at 46-47)

Again, petitioner raised this issue in his amended state

habeas applications, but the issue was not specifically addressed

by the state court.  Nevertheless, to be entitled to habeas

relief on a *Brady* claim, a petitioner must establish that the

state suppressed or withheld evidence, which was both favorable

and material to the defense.  *Strickler v. Green*, 527 U.S. 263,

280 (1999); *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  The

prosecution, however, has no obligation to produce evidence or

information that, if true, was already known to petitioner and

his mother.  (02SHR at 50)  *Moore v. Quarterman*, 534 F.3d 454,

462 (5th Cir. 2008); *Castillo v. Johnson*, 141 F.3d 218, 223 (5th

Cir. 1998).  Furthermore, as noted by the state, the evidence

does not tend to negate the evidence implicating petitioner.

For the reasons discussed herein,

20

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED January ___13___, 2014.


_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE